UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61824-LEIBOWITZ/AUGUSTIN-BIRCH

**DAVID GOODWIN,**

    Plaintiff,

v.

**APOLLO GENERAL LLC
and EDWARD ABBO,**

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON JOINT MOTION TO APPROVE SETTLEMENT**

This cause comes before the Court on the parties' Joint Motion to Approve Settlement. DE 13; DE 20. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 14. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Joint Motion [DE 13] be **GRANTED**.

Plaintiff David Goodwin filed this action against Defendants Apollo General LLC and Edward Abbo, his former employers, for allegedly violating the Fair Labor Standards Act ("FLSA") by failing to pay full overtime wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $4,000, with half of that amount representing wages and half representing liquidated damages. DE 13-1 at 1. Plaintiff's counsel will receive $6,513 for attorney's fees and costs. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

1352–53 (11th Cir. 1982).  In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355.  The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

      Before beginning its evaluation of the fairness and reasonableness of the parties' settlement, the Court must address a misleading statement that they make in the Joint Motion.  The parties state in the Joint Motion that, under the settlement, "Plaintiff is receiving 122% of his claimed and disputed unpaid overtime wages; stated differently, for every dollar of overtime Plaintiff claims to be owed, he is receiving $1.22."  DE 13 at 2.  This statement is misleading because it does not compare apples to apples (the amount he claimed for wages and the amount he is receiving under the settlement for wages), but rather compares apples to oranges (the amount he claimed for wages and the amount he is receiving under the settlement for both wages and liquidated damages).  To explain, in his statement of claim, Plaintiff claimed $6,560.36, consisting of $3,280.18 in unpaid wages and an equal $3,280.18 in liquidated damages.  DE 1-3.  The parties reach their 122% and $1.22 figures by comparing just the $3,280.18 he claimed for unpaid wages to the $4,000 that he is receiving under the settlement *for both unpaid wages and liquidated damages*.  To actually compare apples to apples, Plaintiff is receiving approximately 61% of his claimed wages ($3,280.18 claimed wages vs. $2,000 received wages) and is receiving

approximately 61% of his total claim ($6,560.36 claimed for wages and liquidated damages vs. $4,000 received for wages and liquidated damages).

The Court has reviewed the record and concludes that an application of the *Leverso* factors to the facts of this case demonstrates that the parties' settlement is fair and reasonable. Defendants continue to dispute that Plaintiff is entitled to any additional compensation, and the parties state that they entered into an arms-length settlement with no fraud or collusion in order to avoid the risk, cost, delay, and distraction of continued litigation. DE 20 at 1–2. The parties settled early after Plaintiff filed the case, after the parties had begun to exchange documents in discovery but before any mediation, settlement conference, or substantive motion practice. Their settlement avoided the accumulation of additional fees and costs. All parties had the assistance of experienced FLSA counsel, and counsel believe that the settlement is a fair and reasonable compromise of a bona fide dispute. *Id.* at 3. The Court concludes that the settlement is fair and reasonable.

The Settlement Agreement contains a mutual general release. DE 13-1 at 1. A general release seeks to release claims not asserted in the pleadings. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). Here, however, the parties state that they are unaware of any non-FLSA claims that any party might have. DE 20 at 3. In addition, the parties have received the advice of experienced FLSA counsel, and counsel believe that the settlement is fair and reasonable in its entirety. *Id.* Under these circumstances, the Court concludes that the mutual general release is fair and reasonable.

The Settlement Agreement contains a clause requiring the parties' mutual confidentiality. DE 13-1 at 2.  Courts often decline to approve confidentiality clauses in FLSA settlement agreements.  *E.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (stating that a confidentiality provision in an FLSA settlement agreement "thwarts Congress's intent to ensure widespread compliance with the statute" by "silencing the employee who has vindicated a disputed FLSA right").  But given that the Settlement Agreement is filed in the record and is publicly available, the Court finds the mutual confidentiality clause reasonable.  *See King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064-CIV, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (describing a confidentiality clause in an FLSA settlement agreement as being "essentially irrelevant" once the settlement agreement is filed in the public record (quotation marks omitted)).

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  Plaintiff's counsel will receive $6,513 for fees and costs under the Settlement Agreement.  DE 13-1 at 1.  Counsel filed a copy of his billing statement for this case.  DE 20-1.  The billing statement reflects costs of $567 for the court filing fee and service fees.  *Id.* at 3.  The billing statement further reflects fees of $7,560 incurred for 18.9 hours of work.  *Id.*

Subtracting the costs from the fee award, the fee award will compensate counsel for $5,946 of the fees he contends he incurred ($6,513 - $567).  Accepting counsel's representation that he spent 18.9 hours working on this case, the hourly rate for his work is approximately $315 ($5,946

÷ 18.9 hours).  The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement.  They include various standard provisions.  *See* DE 13-1.  The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Joint Motion to Approve Settlement [DE 13] be **GRANTED** and that the Settlement Agreement [DE 13-1] be **APPROVED**.  The Court recommends that this case be **DISMISSED WITH PREJUDICE**.  As the parties have conditioned the Settlement Agreement on the Court retaining jurisdiction to enforce its terms, the Court recommends retention of such jurisdiction.  *See* DE 13-1 at 2.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 20th day of May, 2025.

                                                 PANAYOTTA AUGUSTIN-BIRCH
                                                 UNITED STATES MAGISTRATE JUDGE